## J. S. TEMPLETON v. E. D. MILLIS.

APPEAL BOND, *When not to be Approved.* Where the appeal undertaking tendered by the defendant in an action for forcible entry and detainer, does not clearly show that the appellant is bound not to commit waste, and omits the condition that "the appellant will not suffer waste to be committed," and "will pay all damages that may be awarded against him," the justice is not required by law to approve and accept the same.

### Error from Rush District Court.

MANDAMUS, brought by *Millis* against *Templeton*, to compel him as a justice of the peace to approve and file a certain appeal bond. The facts appear in the opinion. At the November Term, 1879, of the district court, the plaintiff had

judgment against the defendant justice, who brings the case to this court for review.

*Pierce & Cline,* for plaintiff in error.

*S. W. Mills,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of mandamus, commenced on the 26th day of July, 1879, to compel J. S. Templeton, as justice of the peace of Rush county, to approve and file an appeal bond in an action of forcible entry and detainer tried before him. Trial had at the November term of the district court of Rush county for 1879. Judgment was entered for the allowance of a peremptory writ, and the defendant below brings the case here. The bond tendered was in these words:

*In Justice's Court — Before J. S. Templeton, Justice of the Peace in and for Center Township, Rush County, Kansas.*

Thomas Miller, *Plaintiff,*
       v.   } APPEAL BOND.
E. D. Millis, *Defendant.*

Whereas, said plaintiff did, on the 12th day of July, 1879, obtain a judgment against this said defendant, E. D. Millis, in justice's court, before the above entitled court, in an action of forcible entry and detainer; and whereas, the said E. D. Millis, defendant, feels himself aggrieved, intends to appeal from said judgment: now, therefore, we, the undersigned, as principal, and as sureties, do undertake in the penal sum of $300, . . . will not commit waste on said premises now in controversy; and if, that upon the final judgment in this cause, herein rendered against him, he (said defendant) will pay double the value of the use and occupancy of the property, from the commencement of this action until the delivery of said property to the plaintiff, in pursuance of the judgment of the court, and that he will pay all costs that may accrue, and that he will perform every order and the judgment of this court if judgment be finally awarded against him, the said defendant.          E. D. MILLIS.

                                     T. W. PARKER.

                                     M. H. YOUNG.

                                     CHAS. H. PECKHAM.

[*Justification of sureties.*]

STATE OF KANSAS, RUSH COUNTY:

We, and each of us, do solemnly swear that we are each and severally worth the amounts opposite our names, over and above all debts, liabilities and exemptions.

T. W. PARKER, $300.
M. H. YOUNG, $200.
C. H. PECKHAM, $500.

[Oath of sureties.]

STATE OF KANSAS, RUSH COUNTY:

Subscribed and sworn to before me, by T. W. Parker, M. H. Young and C. H. Peckham, this 17th day of July, 1879.

J. A. BELL, J. P.

Sec. 11, ch. 81, p. 721, Comp. Laws 1879, provides that—

"In appeals taken by the defendant in actions for the forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy; and if, upon further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking, until the delivery of the property, pursuant to the judgment, and all damages and costs that may be awarded against him."

The appeal bond fails to comply in several respects with the requirements of this statute. It does not clearly appear therefrom that the "appellant" is bound not to commit waste. The provisions that "the appellant will not suffer waste to be committed," and "that he will pay all damages," are wholly omitted. The omissions are material and substantial conditions of an appeal bond, and in their absence, it was not the duty of a justice to approve the undertaking for appeal. It is by far the best practice, in all cases of appeals in justices' courts, for undertakings to comply strictly with the language and conditions of the statute. If different words are employed, the justice ought not to approve the undertaking, unless the language and conditions of the statute are substantially followed.

The judgment of the district court will be reversed, and the case remanded.

All the Justices concurring.